IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA CRESPIN,

              Plaintiff,

vs.                                        Civ. No.   13-739 JCH/

TRAVIS BAINBRIDGE, FABIAN
FIERRO, and SAFECO INSURANCE
COMPANY OF AMERICA,

              Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court on *Plaintiff's Amended Motion to Remand to Second Judicial Court and for Attorney's Fees Award* [Doc. 11]. At issue is the timeliness of the removal of the case from state district court, as well as whether Plaintiff fraudulently joined two New Mexico residents as defendants in order to destroy complete diversity. After reviewing Defendant Safeco Insurance Company of America's ("Safeco's") response [Doc. 12], Plaintiff's reply [Doc. 13], and the relevant authorities and precedents, the Court concludes that the removal was timely, that Safeco has not met its burden to prove fraudulent joinder or procedural misjoinder, and that the motion to remand should be granted on the grounds that there is not complete diversity among the parties.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2013, Plaintiff Jessica Crespin ("Crespin") filed her Complaint for Personal Injury and Declaratory Judgment in the Second Judicial District Court, County of Bernalillo, New Mexico. Therein, Crespin alleges that on February 20, 2009—when she was fourteen years

of age—Defendants Travis Bainbridge ("Bainbridge") and Fabian Fierro ("Fierro") used an uninsured vehicle to kidnap her from her school, transport her to another location, and rape her. The Complaint avers that Crespin, Bainbridge, and Fierro are all citizens of New Mexico. Plaintiff further alleges that on that same date she was covered by an automobile insurance policy issued by Safeco which provided coverage for injuries and damages suffered through the acts or omissions of an uninsured motorist, and that such coverage obligates Safeco to compensate her for damages caused by the actions of Bainbridge and Fierro. The Complaint asserts claims of kidnapping and sexual assault against Bainbridge and Fierro, as well as a claim of breach of contract against Safeco. She also asks the Court to issue a declaratory judgment concerning the parties' respective rights and obligations under the insurance policy.

On June 21, 2013, Crespin served her Complaint on the State of New Mexico's Office of the Superintendent of Insurance. Under New Mexico law, an insurer must appoint the Superintendent of Insurance "as its attorney to receive service of legal process, issued against the insurer in this state." NMSA 1978, § 59A-5-31(A).

On August 9, 2013, Safeco filed its *Notice of Removal* in this Court on the grounds that it has diversity jurisdiction under 28 U.S.C. § 1332. Safeco contends that as a Washington corporation with its principal place of business in Boston, Massachusetts, that it is diverse from Crespin, and that Bainbridge and Fierro were fraudulently joined in order to defeat diversity. Safeco further averred that it did not seek its co-defendants' consent to removal because they had been fraudulently joined. On August 29, 2013, Crespin filed the motion to remand that is the subject of this Memorandum Opinion and Order.

<u>**DISCUSSION**</u>

**I.     THE TIMELINESS OF THE REMOVAL**

Crespin contends that this Court should remand the case because Safeco's removal was untimely under 28 U.S.C. § 1446(b)(1), which provides that a defendant must file its notice of removal within 30 days after its receipt, "through service or otherwise," of the complaint. Crespin argues that because she served her Complaint against Safeco on the Office of the Superintendent of Insurance on June 21, 2013, Safeco was required to file its Notice of Removal no later than July 22, 2013. Because Safeco filed it on August 9, 2013, Crespin contends that it is untimely.

Crespin's argument is undermined by the very New Mexico statute upon which she relies, NMSA 1978, § 59A-5-32. While subsection (A) of that section provides that service of process against an insurer is made by delivering the process to the Superintendent or his deputy, subsection (B) provides that "[s]ervice of process on the insurer shall be complete upon *receipt*, or, in the event of refusal to accept, the date of such refusal." (emphasis added). Because the Superintendent's Certificate of Service shows that Safeco received the Summons and Complaint in this case on July 12, 2013, service was not complete until that date. This conclusion is consistent with other decisions of this Court construing § 59A-5-32, including *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189 (D.N.M. 2012) (Browning, J.). In *Sawyer*, the Court analyzed the text and history of § 59A-5-32 and concluded that "under § 59A-5-32's plain language, service is 'complete upon receipt.'" *Id.* at 1225. The Court adopts the reasoning of *Sawyer* and also holds that a defendant's time for removal does not begin to run until service upon that defendant is complete. Accordingly, the 30-day limit set forth in 28 U.S.C. § 1446(b)(1) began to run on July 12, 2013, making removal on August 9, 2013, timely.

## II.    FRAUDULENT JOINDER

### A.    Law Regarding Diversity Jurisdiction

Safeco removed this case pursuant to 28 U.S.C. § 1441(a) on the grounds that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir.2006). Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant. *Dutcher v. Matheson,* 733 F.3d 980, 987 (10th Cir. 2013).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

In *Smoot v. Chicago, R.I. & P.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967), the Tenth Circuit described fraudulent joinder as either "[t]he joinder of a resident defendant against whom no cause of action is stated" or where "a cause of action [is] stated, [but] no cause of action exists." "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). "The defendant seeking removal bears a heavy burden of

4

proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson,* 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998)). The Tenth Circuit has described the fraudulent joinder standard as "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indem*., No. 99-2225, 2000 U.S.App. LEXIS 6852, at *5 (10th Cir. April 14, 2000) (citing *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851-53 (3d Cir. 1992)). At least two other circuits agree that the fraudulent joinder standard is more stringent than that for Rule 12(b)(6). *See, e.g., Hartley v. CSX Transp*., 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted); *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 852 (3d Cir. 1992). If the diverse defendant successfully meets this heavy burden to prove fraudulent joinder, the "district court can assume jurisdiction over [the] case even if, inter alia, there are nondiverse named defendants at the time the case is removed." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted). On the other hand, if the defendant fails to establish with complete certainty upon undisputed evidence that the non-diverse defendant is not liable, then the Court must remand the case back to state court without ruling further in the matter. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 414 F .3d 1169, 1175 (10th Cir. 2005) (citing *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999)).

**B.    Analysis**

Safeco argues that there is complete diversity among the parties because Crespin fraudulently joined non-diverse defendants Bainbridge and Fierro. Safeco contends that these individual defendants are "at best" nominal parties only, and that in her Complaint Crespin does

not seek to hold them individually liable for their actions or seek damages from them. Instead, argues Safeco, Crespin seeks only to recover under the uninsured motorist provision of the insurance policy. Safeco also contends that Crespin does not allege that she incurred any bodily injury as a result of the alleged kidnapping or transport in the uninsured vehicle.

The Court concludes that Safeco has failed to meet its heavy burden to prove that Bainbridge and Fierro were fraudulently joined. "'To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). As the Tenth Circuit has stated, the test is not whether the Plaintiffs actually alleged a claim, but whether "there is no possibility that [the Plaintiffs] would be able to establish a cause of action against [the Defendants] in state court." *Montano v. Allstate Indem.*, 2000 U.S. App. LEXIS 6852, at *4-5 (citation omitted). Accordingly, the Court needs to determine whether Crespin could possibly state any claim against Bainbridge or Fierro, and it concludes that she can. The Complaint asserts facts which, if found to be true, would expose Bainbridge and Fierro to civil liability for kidnapping and sexual assault, two causes of actions that Crespin enumerates. Safeco asserts that "the alleged kidnapping or transport in the motor vehicle allegedly driven by Bainbridge did not cause Plaintiff any bodily injury as required by the Policy; and any causal nexus between the transport in the vehicle was broken when Plaintiff walked out of the vehicle, into Bainbridge's house, was introduced to Bainbridge's mother in the house—all of which occurred before Plaintiff walked upstairs, where the intentional torts of false imprisonment and sexual assault allegedly then occurred." Doc. 12 at 8. Unfortunately, for Safeco, a determination of these fact issues is far beyond the scope of a motion to remand, and must be left for either a motion for

summary judgment or trial. As for Safeco's argument that Crespin's Complaint contains no direct demand for compensation from Bainbridge and Fierro, a broad reading of the Complaint supports a claim for damages in paragraph 2 of the prayer for relief, wherein Crespin avers "Plaintiff has been damages and is entitled to compensatory and punitive damages, injuries, losses, attorney's fees, costs and interest recoverable under the law, including pre-judgment interest . . ." Furthermore, even if the Complaint is found deficient with regard to a damages claim, that is something that Crespin could easily remedy through a simple amendment of her pleading.

Finally, Safeco contends that Bainbridge and Fierro were procedurally misjoined. Rule 20 of the Federal Rules of Civil Procedure provides:

> (a) Persons Who May Join or Be Joined.
> . . .
> (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Under the plain language of Rule 20(a)(2)(A), the joinder of Bainbridge and Fierro in this case was proper because any right to relief that Crespin may have against them arises out of the same transaction, occurrence, or series of transactions or occurrences—her alleged abduction, transportation, and sexual assault. Thus, there was no procedural misjoinder of the non-diverse defendants.

Accordingly, the Court concludes that Safeco has failed to prove fraudulent joinder or procedural misjoinder, that there is not complete diversity among the parties, and that the case should be remanded to state district court due to lack of subject matter jurisdiction.

### III.    WAIVER OF RIGHT TO REMOVAL

Crespin argues that Safeco has waived its right to removal by filing a declaratory judgment counterclaim against her before removing the case to this Court. Given the Court's conclusion that it lacks jurisdiction over the case, *supra*, it need not reach this issue.

### IV.    REQUEST FOR ATTORNEY'S FEES

In her motion to remand, Crespin also requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005).

The Court will not award Crespin attorney's fees. This case does not present those unusual circumstances in which the Court should award attorney's fees. While Safeco's interpretation of fraudulent and procedural misjoinder law is incorrect, it had "an objectively reasonable basis for seeking removal." *Id*.

**IT IS THEREFORE ORDERED** that *Plaintiff's Amended Motion to Remand to Second Judicial Court and for Attorney's Fees Award* [Doc. 11] is **GRANTED**, and this case is hereby **REMANDED** to the Second Judicial District Court, County of Bernalillo, New Mexico. Crespin's request for attorney's fees **is DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**